UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>  Plaintiff/Respondent, )<br>   )<br> v. )<br>   )<br> JAMES EARL WILSON, )<br>   )<br>  Defendant/Movant. ) | No. 7:07-CR-27-GFVT-REW-1<br>No. 7:16-CV-138-GFVT-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant, James Earl Wilson, is a federal inmate. On June 14, 2016, Wilson filed a *pro se*[1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. DE # 28 (Motion). Wilson claims that the Court improperly sentenced him as a career offender under the Sentencing Guidelines in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016) (applying *Johnson* to invalidate the similar residual clause in the Sentencing Guidelines). *Id.* On motion from the Government, the Court stayed resolution of the § 2255 motion pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting certiorari). DE #34.

On March 6, 2017, the Supreme Court issued its *Beckles* opinion, foreclosing any vagueness challenge to the Sentencing Guidelines, including the residual clause in former § 4B1.2(a), under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, ___ (2017) (slip op., at 10). Given the *Beckles* holding, the Court sees no need for further briefing; the

---

[1] Pro se petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

1

matter is ripe for disposition. Per normal practice, the District assigned the matter to the undersigned for a recommended disposition. The Court now **RECOMMENDS** that the District Judge fully **DENY** § 2255 relief (DE #28) and issue **NO** Certificate of Appealability.

## I.     BACKGROUND INFORMATION

On October 18, 2007, a federal grand jury indicted Wilson on one count of assaulting a fellow BOP inmate with a dangerous weapon and one count of knowingly possessing a prohibited object designed and intended to be used as a weapon. DE #1 (Indictment). Wilson pleaded guilty to the prohibited object possession count on December 12, 2007. DE #12 (Rearraignment Minute Entry); DE #19 (Plea Agreement). On March 19, 2008, Judge Van Tatenhove sentenced Wilson. DE #18 (Sentencing Minute Entry). Movant received a 42-month prison term, to run consecutively to Wilson's previous federal term of imprisonment, followed by a 3-year term of supervision. DE #20 (Judgment). Wilson did not appeal. On June 14, 2016, Wilson filed the instant § 2255 motion, premised on *Johnson* and *Pawlak*. DE #28. In light of the Supreme Court's decision in *Beckles*, the motion stands ripe for review. *Beckles* forecloses vagueness challenges to U.S.S.G. § 4B1.2(a). Accordingly, Wilson's claim wholly fails.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United*

*States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721-22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III. ANALYSIS

In the instant motion, Wilson states a sole claim for relief: under *Johnson* and *Pawlak*, "the residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)), which is identical to the ACCA residual clause, is void for vagueness."[2] DE #28, at 2. He claims that neither his offense of conviction (prohibited object possession) nor his prior felony conviction for robbery under the Hobbs Act satisfies the use of force or enumerated offenses clauses. *Id.* at 2-3 ("Mr.

---

[2] *Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). 135 S. Ct. at 2563. "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Here, the Court did not sentence Wilson under the ACCA, which applies only to § 922(g) violators—Wilson violated 18 U.S.C. § 1791(a)(2) and (b)(3). However, the Court did sentence Wilson as a career offender under U.S.S.G. § 4B1.1, *see* DE #32 (Presentence Investigation Report) ¶ 17; DE #36 (Sentencing Transcript), at 4 (adopting PIR Guideline calculation), and the Sixth Circuit previously held that "*Johnson*'s rationale applies with equal force to the Guidelines' residual clause." *Pawlak*, 822 F.3d at 907.

3

Wilson argues that after *Johnson*, neither U.S.S.G. § 4[B]1.1(a)(2) or (a)(3) are satisfied in his case. Such offenses are no longer qualified as 'crimes of violence' under the 'enumerated offenses' clause or 'force' clause of the career offender provision.").

The Court stayed resolution of the § 2255 motion pending the Supreme Court's determination of whether *Johnson* modified the residual clause in then U.S.S.G. § 4B1.2(a)(2). DE #34. The Supreme Court now has decided this question and answered in the negative. *Beckles*, 137 S. Ct. at ___ (slip op., at 10). The Court succinctly held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* The Court stated, in part, the following rationale: "Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at ___ (slip op., at 5).

*Beckles* abrogated *Pawlak*. The Sixth Circuit already has acknowledged and followed *Beckles*'s abrogation. *See United States v. Herring*, ___ F. App'x ___, 2017 WL 1088168, at *1, n.2 (6th Cir. Mar. 22, 2017) ("But the Supreme Court recently held that 'the advisory Guidelines are not subject to vagueness challenges,' *Beckles v. United States*, ___ S. Ct. ___, 2017 WL 855781, at *3 (March 6, 2017), thus abrogating *Pawlak*, and permitting the application of USSG § 4B1.2(a)'s residual clause."); *see also United States v. Kennedy*, ___ F. App'x ___, 2017 WL 1078552, at *6 (Mar. 22, 2017) (same).

4

Accordingly, Wilson's § 2255 challenge to his designation as a career offender conclusively fails. In the face of the Supreme Court's express holding in *Beckles*, the motion now is baseless and should be dismissed.[3]

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). Movant has not made a "substantial showing" as to any claimed denial of rights. *Beckles* firmly forecloses any relief. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.[4]

---

[3] The state of the law at the time of filing (including *Pawlak*), initially led the Court to direct further briefing. The Court then stayed the case to await *Beckles*. *Beckles* ends the matter by foreclosing Wilson's lone theory. Thus, the Court recommends dismissal.

[4] Further, the Court **DENIES** Wilson's motion for appointed counsel (DE #26). The United States Constitution provides no right to counsel in collateral proceedings. *See, e.g.*, *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992); *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005); *United States v. Pought*, No. 11-CR-20449, 2015 WL 7307971, at *14 (E.D. Mich. Nov. 20, 2015); *United States v. Edkins*, No. 1:05-CR-151, 2013 WL 542473, at *6 (W.D. Mich. Feb. 12, 2013). The appointment of counsel in § 2255 proceedings is firmly a matter in the Court's discretion. "In all proceedings brought under [§ 2255], and any subsequent proceedings on review, the court may appoint counsel." 28 U.S.C. § 2255(g). Further, when "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section . . . 2255." 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Baker*, 586 F. App'x 458, 460 (10th Cir. 2014)

5

## V.     RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge wholly **DENY** § 2255 relief (DE #28) and grant **no** Certificate of Appealability.[5]

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

To the extent required, this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made under or as an analogue to screening per Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b)

---

(collecting cases and noting that a court may decline to appoint counsel "when the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable"). As a basis for his request, Wilson states that he "is aware that Defendants across the country are being provided counsel to litigate post-conviction *Johnson* issues[.]" DE #26, at 4. Wilson's claim, under *Beckles*, is plainly unfounded in law and fact. Pursuant to the Court's recommendation that Wilson's §2255 motion be dismissed, the Court also declines to appoint counsel. The case does not merit such an appointment.

[5] The docket reflects that several recent orders sent to Wilson at FCI-Englewood (the listed docket address) have been returned as undeliverable. DE ##38, 39, 40. An online search of the BOP Inmate Locater shows that Wilson is currently housed at USP Florence. Accordingly, in addition to the listed docket address, the Clerk **shall** serve a copy of this Recommended Disposition to James Earl Wilson, 50070-037, USP Florence – High, U.S. Penitentiary, P.O. Box 7000, Florence, CO 81226.

dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

      This the 30th day of March, 2017.

Signed By:
Robert E. Wier /s/ REW
United States Magistrate Judge