UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 7:07-cr-00027-GFVT |
| Plaintiff, ) | No. 7:16-CV-138-GFVT |
| ) | |
| V. ) | |
| ) | **ORDER** |
| JAMES EARL WILSON, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Robert E. Wier that was filed on March 3, 2017. [R. 41.] On June 14, 2016, the defendant, James Earl Wilson, filed a *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on a claim that the Court improperly sentenced him as a career offender under the Sentencing guidelines pursuant to his understanding of the decisions reached by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2251 (2015), and then adopted by the Sixth Circuit in *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). [R. 28.] The Government motioned for a stay in resolving the defendant's motion until the Supreme Court reached a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), and this Court granted that motion. [R. 33. R. 34.] The Supreme Court has rendered their decision and, consistent with local practice, Magistrate Judge Wier's Report and Recommendation addressed Mr. Wilson's § 2255 habeas petition. [R. 41.]

After considering the record, Judge Wier determined that Mr. Wilson is not entitled to the relief sought under the *Johnson* and *Pawlak* cases. [*See* R. 41.] Specifically, Judge Wier explained that Mr. Wilson's only claim for relief was that "the residual clause in the career

offender provision (U.S.S.G. § 4B1.2(a)(2)), which is identical to the ACCA residual clause, is void for vagueness." [R. 41 at 3 (citing R. 28 at 2).] However, the defendant's claim was filed based on an understanding of the results reached in *Johnson*[1], which have since been abrogated by the *Beckles* decision. *Beckles v. United States*, 137 S. Ct. at 897. The Supreme Court held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Id.* at 896. Accordingly, *Johnson* and *Pawlak* no longer provide Mr. Wilson with any basis for relief.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Defendant Wilson did not object to the Magistrate Judge's R&R. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation regarding the applicability of *Johnson* and *Pawlak* to Mr. Wilson's case. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Wilson's construed § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] The Supreme Court in *Johnson* found that the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1)) was void for vagueness and was thus unconstitutional. 135 S. Ct. at 2563. In *Welch v. United States*, the Court held that *Johnson* was to be retroactively applied to all cases in collateral review. 136 S. Ct. 1257, 1268 (2016). "Here, the Court did not sentence Wilson under the ACCA, which applies only to § 922(g) violators—Wilson violated 18 U.S.C. § 1791(a)(2) and (b)(3). However, the Court did sentence Wilson as a career offender under U.S.S.G. § 41B.1.1, *see* DE #32 (Presentence Investigative Report) ¶ 17; DE #36 (Sentencing Transcript), at 4 (adopting PIR Guideline Calculation), and the Sixth Circuit previously held that '*Johnson*'s rationale applies with equal force to the Guidelines' residual clause.' *Pawlak*, 822 F.3d at 907." [R. 41 at 3 n.1.]

2

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Wier's Report and Recommendation [**R. 41**] as to James Earl Wilson is **ADOPTED** as and for the opinion of the Court;

2. Mr. Wilson's petition for habeas corpus relief [**R. 28**] pursuant to § 2255 is **DENIED**;

3. A Certificate of Appealability is **DENIED**; and

4. Judgment in favor of the Respondent, United States of America, will be entered contemporaneously herewith and Case No. 7:07-cr-00027-GFVT will be **STRICKEN** from the Court's active docket.

This the 22nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge